UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SERGIO LOVATI AND RUDI LOVATI,<br><br>                                   Plaintiffs,<br><br>                    v.<br><br>PETROLEOS DE VENEZUELA, S.A.,<br><br>                                   Defendant. | Case No: 1:20-cv-00269-KPF |

### ANSWER AND AFFIRMATIVE DEFENSES OF PETRÓLEOS DE VENEZUELA, S.A. TO PLAINTIFFS' COMPLAINT

Petróleos de Venezuela, S.A. ("PDVSA"), by and through their undersigned counsel, answer and assert affirmative defenses to the Complaint (the "Complaint") of Sergio Lovati and Rudi Lovati (together, "Plaintiffs") as follows.

### NATURE OF THE ACTION

1.      Admitted, except denied that the Indenture[1] was entered into as of October 27, 2016 and denied that the Notes are valid, legal, or enforceable. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as purportedly arising under the Indenture or the Notes are valid or could have been violated. PDVSA further denies knowledge or information sufficient to form a belief as to Plaintiffs' allegations of their holdings of Notes.

### PARTIES

2.      PDVSA denies knowledge or information sufficient to form a belief as to whether Sergio Lovati is a natural person residing in the Republic of Italy ("Italy").

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Complaint.

3. PDVSA denies knowledge or information sufficient to form a belief as to whether Rudi Lovati is a natural person residing in Italy.

4. PDVSA admits that it is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic") and is majority-owned by the Republic. PDVSA otherwise denies the allegations on the basis that they constitute legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5. Admitted that PDVSA is a capital stock corporation owned directly by the Republic and that the Court has jurisdiction over this action. PDVSA otherwise denies the allegations on the basis that they constitute legal conclusions to which no response is required. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as purportedly arising under the Indenture or the Notes are valid or could have been violated.

6. Admitted that the Court has jurisdiction over PDVSA. PDVSA otherwise denies the allegations on the basis that they constitute legal conclusions to which no response is required. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as purportedly arising under the Indenture or the Notes are valid or could have been violated.

7. Admitted that this district is a proper venue for Plaintiffs' Complaint. PDVSA otherwise denies the allegations on the basis that they constitute legal conclusions to which no response is required. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as purportedly arising under the Indenture or the Notes are valid or could have been violated.

8.      Admitted, except PDVSA denies that the Indenture is valid, legal, or enforceable.

## FACTUAL ALLEGATIONS

### PDVSA has Alleged that the Notes are Invalid

9.      Admitted that PDVSA filed a complaint against Indenture Defendants on October 29, 2019 in the United States District Court for the Southern District of New York seeking to invalidate the Notes, the Indenture, and the pledge agreement securing the Notes (the "<u>Pledge Agreement</u>"), and to contest their obligations thereunder.  Otherwise denied.

### The Notes Have Been Accelerated by Notice of over 25% of the Notes after Default

10.     Admitted that a purported Acceleration Notice pertaining to the Indenture was sent on December 18, 2019.  PDVSA denies knowledge or information sufficient to form a belief as to whether the notice was sent by holders of at least 25% in principal amount of Outstanding Notes, denies any legal conclusion as to the effect of the notice, and denies that the Notes, Indenture, Pledge Agreement, or purported Acceleration Notice are valid, legal, or enforceable.  Otherwise denied.

11.     Admitted, except PDVSA denies that the Indenture is valid, legal, or enforceable. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated.

### PDVSA Has Failed to Make Payments on Sergio Lovati's Notes

12.     PDVSA answers paragraph 12 of the Complaint as follows:

   a.   PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes.  PDVSA further denies that the Indenture or the Notes are valid, legal, or enforceable.

      b.      Admitted that PDVSA did not make a payment of principal related to the Notes that was purportedly due on October 28, 2019.[2] PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

      c.      Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA denies is valid, legal, or enforceable, was sent on December 18, 2019. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

      d.      Admitted that PDVSA did not make an interest payment related to the Notes that was purportedly due on October 28, 2019. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

      e.      Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA denies is valid, legal, or enforceable, was sent on December 18, 2019. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the

---

[2] Plaintiffs state that a payment of principal and interest was due under the Indenture—which PDVSA asserts is invalid, illegal, null and void *ab initio*—on October 27, 2019. However, since October 27, 2019 was a Sunday, the principal and interest payment that was purportedly due would have been due on October 28, 2019. Accordingly, throughout this answer, October 28, 2019 is used as the relevant date for the principal and interest payment that was purportedly due.

Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

   f.  PDVSA denies knowledge or information sufficient to form a belief as to the amount of Sergio Lovati Notes. PDVSA further denies that the Notes are valid, legal, or enforceable.

### **PDVSA Has Failed to Make Payments on Rudi Lovati's Notes**

  13.  PDVSA answers paragraph 13 of the Complaint as follows:

   a.  PDVSA denies knowledge or information sufficient to form a belief as to the amount of Rudi Lovati Notes. PDVSA further denies that the Indenture or the Notes are valid, legal, or enforceable.

   b.  Admitted that PDVSA did not make the payment of principal related to the Notes that was purportedly due on October 28, 2019. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Rudi Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

   c.  Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA denies is valid, legal, or enforceable, was sent on December 18, 2019. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Rudi Lovati Notes. PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated. Otherwise denied.

   d.  Admitted that PDVSA did not make the interest payment related to the Notes that was purportedly due on October 28, 2019. PDVSA denies knowledge or information

sufficient to form a belief as to the amount of Rudi Lovati Notes.  PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated.  Otherwise denied.

    e. Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA denies is valid, legal, or enforceable, was sent on December 18, 2019.  PDVSA denies knowledge or information sufficient to form a belief as to the amount of Rudi Lovati Notes.  PDVSA further states that none of the purported rights or obligations asserted in the Complaint as allegedly arising under the Indenture and Pledge Agreement are valid or were or could have been violated.  Otherwise denied.

    f. PDVSA denies knowledge or information sufficient to form a belief as to the amount of Rudi Lovati Notes.  PDVSA further denies that the Notes are valid, legal, or enforceable.

## FIRST CLAIM FOR RELIEF

14. PDVSA's answers to paragraphs 1-13 are incorporated by reference as if fully set forth herein.

15. Denied.

16. Admitted.

17. Admitted that PDVSA did not make payment of principal and interest purportedly due on October 28, 2019.  Otherwise denied.

18. Denied.

## SECOND CLAIM FOR RELIEF

19. PDVSA's answers to paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. Denied.

21. Admitted.

22. Admitted that PDVSA did not make payment of principal and interest purportedly due on October 28, 2019. Otherwise denied.

23. Denied.

## DEFENSES

PDVSA asserts the following defenses to the claims in the Complaint without prejudice to any position they may take regarding the burden of proof on such defenses, and it reserves the right to assert additional defenses, including defenses based on facts revealed through discovery or further investigation.

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiffs' claims are barred, in whole or in part, because the Indenture and Pledge Agreement are invalid, illegal, null and void *ab initio*, in violation of the Venezuelan Constitution, and thus unenforceable.

### Third Defense

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands because (i) Plaintiffs were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the Notes, the Indenture, and/or the Pledge Agreement; and (ii) Plaintiffs knew or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

### Fourth Defense

4.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel because (i) Plaintffs were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the Notes, the Indenture, and/or the Pledge Agreement; and (ii) Plaintiffs knew or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

### Fifth Defense

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto* because (i) Plaintiffs were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the Notes, the Indenture, and/or the Pledge Agreement; and (ii) Plaintiffs knew or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

### Sixth Defense

6.     Plaintiffs' claims are barred, in whole or in part, by the act of state doctrine.

### Seventh Defense

7.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of comity.

### Eighth Defense

8.     Plaintiffs' claims are barred, in whole or in part, by the existing U.S. sanctions regime.

**Ninth Defense**

9. Plaintiffs' claims are barred to the extent that they seek to recover accelerated amounts purportedly owed on the Notes, which Plaintiffs do not have standing to recover.

[*Remainder of page intentionally left blank.*]

Dated:  January 31, 2020

/s/ Kurt W. Hansson
Kurt W. Hansson
James R. Bliss
James B. Worthington

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090
kurthansson@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com

*Attorneys for Defendant*
*Petróleos de Venezuela, S.A.*